Irene A. Tibbetts, Appellant, *v.* Charles A. Tibbetts, Respondent.

Second Department, June 13, 1930.

*Edward H. Wilson*, for the appellant.

*Meier Steinbrink* [*Harold M. Kennedy* with him on the brief], for the respondent.

PER CURIAM. An improper *pendente lite* order for alimony or counsel fee, improper because grossly inadequate or plainly insufficient survives a final judgment in a matrimonial action in so far as concerns the power of the Appellate Division to review such an order. The Appellate Division is a court of discretion, as is the Special Term, and if the latter's order was palpably unjust, the Appellate Division can make an order that should have been made in the first instance. In this case we are of the opinion, however, that the order of June 26, 1929, which refused to make the new award of alimony retroactive, was not an abuse of discretion in the light of the delay in moving the cause for trial. That situation was pointed out in this litigation as early as November, 1928, although the majority of the court determined that the order then under review should be affirmed (225 App. Div. 677).

As to the counsel fee awarded by said order, we are unable to say that it was inadequate, in the circumstances.

Upon the appeal from so much of the judgment as affects the amount of alimony, we think that the sum of $850 for the support of the plaintiff and the care, education and maintenance of the children, should be increased to $1,000 a month even upon the basis of the finding that the defendant's salary and income totalled $31,500 per annum. This view will not necessitate the reversal of any finding, but it is proper to point out that additional income or moneys received under the classification of officers' sales expense were held by the learned trial justice not to have been retained by the defendant " in their entirety." The actual amount disbursed by defendant from this class of moneys received was a matter of

proof for the defendant to make. But we conclude that the modification decided upon will be ample and just to the plaintiff even though there be some earnings by the defendant over and above those which were found. We see no reason for reversing so much of the order of October 25, 1929, as refused to compel the defendant to give security for the payment of the alimony, but conclude that plaintiff's appeals were sufficiently justifiable to warrant an allowance for counsel fees for the prosecution of the appeals above mentioned, and that such award should be the sum of $1,000 to the plaintiff for counsel fees and disbursements.

The order of June 26, 1929, denying motion to make allowance of alimony retroactive, in so far as appealed from, should be affirmed, without costs. The judgment, in so far as appealed from, should be modified by increasing the award of alimony from $850 a month to $1,000 a month, and as so modified affirmed, without costs. Conclusion of law numbered 3 is modified accordingly. The order of October 25, 1929, denying motion to compel defendant to give security for payment of alimony and denying an allowance to plaintiff for counsel fees and disbursements for the prosecution of appeals, in so far as appealed from, should be reversed upon the facts, without costs, and motion granted, without costs, to the extent of awarding plaintiff the sum of $1,000 for such counsel fees and disbursements, without prejudice to any future motion to compel defendant to give security or to sequester his property upon plaintiff's being advised so to move   The foregoing disposition renders unnecessary a. determination of the motion to dismiss the appeal from the order of June 26, 1929, and that motion should be dismissed.

Present — LAZANSKY, P. J., YOUNG, KAPPER, SCUDDER and TOMPKINS, JJ.

Order of June 26, 1929, denying motion to make allowance of alimony retroactive, in so far as appealed from, unanimously affirmed, without costs. Judgment, in so far as appealed from, modified by increasing the award of alimony from $850 a month to $1,000 a month, and as so modified unanimously affirmed, without costs. Conclusion of law numbered 3 modified accordingly. Order of October 25, 1929, denying motion to compel defendant to give security for payment of alimony and denying an allowance to plaintiff for counsel fees and disbursements for the prosecution of appeals, in so far as appealed from, reversed upon the facts, without costs, and motion granted, without costs, to the extent of awarding plaintiff the sum of $1,000 for such counsel fees and disbursements, without prejudice to any future motion to compel defendant

to give security or to sequester his property upon plaintiff's being advised so to move. The foregoing disposition renders unnecessary a determination of the motion to dismiss the appeal from the order of June 26, 1929, and that motion is dismissed. Settle order on notice.